DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant, William Lambert, guilty of two counts of felonious assault. For the reasons that follow, this court affirms the judgment of the trial court.
Appointed counsel Catherine Killam has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of her request, counsel for appellant states that after reviewing the record of proceedings in the trial court, she is unable to find any meritorious, appealable issues. Counsel for appellant does, however, set forth the following potential assignments of error: 1) whether the evidence was sufficient to support the verdict; 2) whether the verdict was against the manifest weight of the evidence; and 3) whether there exists meritorious grounds on which to appeal the sentence.
Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court has proceeded with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
The facts that are relevant to the issues raised on appeal are as follows. Defendant-appellant William Lambert pled not guilty on February 25, 2001, to an indictment returned by the Lucas County Grand Jury charging him with two counts of felonious assault in violation of R.C.2903.11(A)(1).
On December 12, 2000, trial by jury commenced and on December 14, 2000, the jury returned a verdict of guilty of felonious assault on both counts. The next day, December 15, 2000, the court sentenced defendant, the defense and state having waived presentence investigation. The court sentenced defendant to a term of five years on each of the two counts. According to the docket sheet, the sentencing order was amended nunc protunc on December 19, 2000, to reflect that the sentences imposed on each count were to run concurrently with each other. The court further foundnunc pro tunc that the sentences imposed in this case, CR-00-1321, are to be served concurrently to the sentences imposed in CR-00-1843 and 00-1893, but consecutively to the sentences imposed in CR-00-1045, 00-1124, CR-99-2460, and CR-99-2935. The changes set forth in the nuncpro tunc entry on December 19, 2000, were made in open court in the presence of the prosecutor, defense counsel and appellant.
At the trial, the two victims, appellant, and six others claiming to be eyewitnesses, all testified about the events that occurred in the alley and a parking lot behind the Club Bijou in Toledo, Lucas County, Ohio, as young adults left the club at or near closing during the early morning hours of February 6, 2001. The witnesses' testimony varied as to details but all agreed that the two victims, Aaron Hemminger and Tom Renz, were outnumbered and beaten up by a group that included appellant.
Aaron Hemminger testified that he and Tom Renz walked to their car at about 1:30 a.m. A group of agitated, shouting people had gathered and Hemminger and Renz had to walk by them to get to their car. Hemminger was set upon by three of this group.
Renz was swarmed. Hemminger was not sure who participated in the attack, but identified appellant as having kicked him. He did not see Lambert do anything to Renz. As a result of the attack, Hemminger sustained injuries that required stitches and resulted in a permanent scar on his chin.
Tom Renz testified that the attack was unprovoked and that it began when one of the crowd swore at him. He recalled fending off blows from seven or eight attackers, identifying appellant as participating in the first of two waves and later kicking him in the face before he lost consciousness on the ground. After his release from the hospital, Renz spent a week incapacitated, swollen, and in pain.
In addition to the two victims, the state called J.D. Williams to testify. Williams was not acquainted with either Renz or Hemminger but witnessed the attack from close range from inside a car. He saw no provocation from the two victims and described the battle as being "with a cheap shot." He identified appellant as "one of the two fellows that started it all." He also graphically described the repeated kicks Renz sustained in the head and the body after he was unconscious on the ground, as "disgusting."
The state also called Mike Landbolt, who was with Williams that evening, and also witnessed the attack. He corroborated the others that there was no provocation, but was not able to directly identify Lambert. He testified that the two people he saw arrested, one of whom was Lambert, were the two people that he saw administer the majority of the beating.
Defense witness Sara Whitemore was among appellant's group that evening. She testified that the first blow was thrown by "Ryan" of their group, whose last name she did not know. She thought that appellant ran up to the fight to stop it, but that he ended up throwing the first blow when Renz responded to appellant's entrance into the fray by assuming some kind of martial arts stance.
Sarah Bruce, a second defense witness, testified that Todd Jividian and one of the victims, from her description probably Renz, were arguing when appellant ran in. Although she, too, opined that Lambert's intentions were to restore peace, she testified that the victim assumed a karate stance and appellant hit him, knocking him apparently senseless. She denied appellant participated in kicking Renz after he lay unconscious on the ground.
Leana Sautter, the only defense witness who was not with appellant's group that evening, also testified that appellant appeared to her to have run over in order to restore peace. She also, however, testified that in response to Renz's karate stance, appellant threw the first blow.
Finally, appellant took the stand and was advised of his constitutional rights against self-incrimination.
On these and additional facts, the jury having been instructed as to the elements of the offenses and as to complicity, returned verdicts of guilty on both counts of felonious assault.
Two potential assignments of error in this case raise the issue of whether appellant's conviction was supported by sufficient proof of guilt as to the key essential elements of the offenses charged. "Sufficiency is a term of art meaning that legal standard which is applied to determine whether * * * the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997),78 Ohio St.3d 380, 386, quoting Black's Legal Dictionary (6th Ed. 1990), 1433. "In essence sufficiency is a test of adequacy." Thompkins,supra, at 386. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of a defendant's guilt beyond a reasonable doubt. "The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259.
R.C. 2903.11(A)(1) states that the state is required to establish that appellant knowingly caused serious physical harm to another.
Serious physical harm is defined at R.C. 2901.01(E):
 "(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 "(2) Any physical harm that carries a substantial risk of death;
 "(3) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 "(4) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 "(5) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
The evidence presented at trial includes the testimony of the victims that they required treatment for the injuries they sustained in this assault resulting in hospitalization, disfigurement, intractable pain and substantial suffering.
Upon thorough consideration of the law and the evidence presented at trial as summarized above, this court finds that sufficient evidence was presented from which any trier of fact could have found, reviewing the evidence in a light most favorable to the prosecution, that appellant knowingly caused serious physical harm to the victims as set forth above. Therefore, appellant's potential assignments of error are not well-taken.
Upon our further independent review of the record, we find that there are no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., JUDGES CONCUR.